**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:02-cr-00028-MR**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JENNIFER KAY DIXON, )<br>)<br>Defendant. )<br>_____ )<br>PETITION OF ROBERT DIXON )<br>_____ ) | ORDER CONFIRMING<br>SETTLEMENT<br>AND DISMISSING<br>FORFEITURE |

**THIS MATTER** is before the Court on the Government's motion for an order confirming the settlement of the parties in a forfeiture ancillary proceeding regarding certain real property and dismissing the forfeiture [Doc. 34].

The real property in question consists of 1.36 acres and 10.04 acres located at 590 Grays Creek Church Road and 3 acres also located on Grays Creek Church Road, Rutherfordton, North Carolina, titled in the names of Robert Dixon and Jennifer Dixon,[1] as more particularly described in deeds recorded at Book/Page 603/377, 670/278 and 722/70, in the

---

[1] Defendant, identified herein as Jennifer Kay Dixon, holds her interest in title to the subject properties in the name "Jennifer B. Dixon."

Rutherford County Public Registry.  This property is listed in the forfeiture section of the Judgment filed herein on October 17, 2002, incorporating Attachment A to the Defendant's Plea Agreement.  The parties have agreed, and the Court finds, that the 2002 judgment serves legally as a preliminary order forfeiting the property subject to third party interests, but no ancillary proceeding was conducted to adjudicate any such interests.  The Government, however, has published notice as permitted under 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(C).  [Declaration of Publication filed Aug. 27, 2013, Doc. 31].  Except for this petition of Robert Dixon, no third-party petitions have been filed.  Copies of the deeds have been submitted with the Government's motion.

Based on the record and the stipulations of the parties, the Court finds as follows:

1. Petitioner has filed a timely petition in response to the preliminary order and the Court has jurisdiction over the subject property.

2. Defendant has a legal ownership interest in the subject property that is subject to forfeiture under applicable statutes.  Although Defendant's interest has been preliminarily forfeited, record title to the subject property is held by "Robert Dixon and wife,

Jennifer B. Dixon" as a tenancy by the entireties under North Carolina law. Petitioner and Defendant were at the time of acquisition and remain lawfully married. Petitioner therefore has a legal interest in the subject property under 21 U.S.C. § 853(n)(2) and a colorable defense to forfeiture under § 853(n)(6)(A) or (B) as to that interest, but not as to Defendant's interest.

3. The United States and Petitioner have agreed to a settlement regarding forfeiture and the interests asserted by Petitioner, in pertinent part as follows:

   (a) The United States will file a motion to dismiss the forfeiture with prejudice, upon compliance with the following terms and conditions and as ordered by the Court.

   (b) Petitioner will obtain a loan secured by one or more parcels of the subject property and cause the closing attorney to tender $55,000.00 in the form of an official check or a check drawn on the attorney's trust account, payable to the Clerk, U.S. District Court, referencing this

case and designated for payment of restitution as previously ordered in the Judgment.

(c) The Court's Order will provide, effective immediately upon the tender of such payment by the closing attorney, that forfeiture as to all assets listed in the preliminary order is dismissed with prejudice. The closing attorney will be authorized and directed to record the order of dismissal at closing upon confirming tender of payment to the Clerk as provided above.

The Court adopts the foregoing stipulations of the parties and approves this settlement.

**IT IS, THEREFORE, ORDERED:**

1. Petitioner shall obtain a loan secured by one or more parcels of the subject property and cause the closing attorney to tender $55,000.00 in the form of an official check or a check drawn on the attorney's trust account, payable to the Clerk, U.S. District Court, referencing this case and designated for payment of restitution as previously ordered in the Judgment.

2. Effective immediately upon the tender of such payment by the closing attorney, forfeiture as to all assets listed in the

preliminary order shall be dismissed with prejudice. The closing attorney is authorized and directed to record this order of dismissal at closing upon confirming tender of payment to the Clerk. The Government shall file notice herein of receipt of payment by the Clerk.

3. Pursuant to Fed. R. Crim. P. 32.2(c)(2), regarding forfeiture only, the Judgment entered herein on October 17, 2002, is amended to reflect this settlement of the parties and the dismissal of the forfeiture as to all property identified therein, with prejudice.

4. After proper credit is given to Defendant for the $55,000 payment ordered herein, nothing in this Judgment shall affect the Defendant's obligation to pay the remaining amount due as restitution in this case.

5. Each party shall bear its own costs herein, including attorney fees.

**IT IS SO ORDERED.**

Signed: November 8, 2013

Martin Reidinger
United States District Judge